UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marc Jordan,

    Plaintiff,

v.                                                    Civ. No. 04-3800 (JNE/RLE)
                                                   ORDER

United States of America,

    Defendant.

---

Jon Jensen, Esq., Pearson, Christensen, Cahill & Clapp, PLLP, appeared for Plaintiff Marc Jordan.

Michael R. Pahl, Esq., United States Department of Justice, appeared for Defendant United States of America.

---

Marc Jordan brought this case against the United States of America alleging he is entitled to a refund of Federal Insurance Contributions Act (FICA) taxes improperly withheld by his employer, Atlas Air, Inc. (Atlas). The case is before the Court on the United States' motion for summary judgment. For the reasons set forth below, the Court grants the motion.

## I.    BACKGROUND

Jordan is a pilot employed by Atlas. Atlas provides aircraft, crew, maintenance, and insurance services for the transportation of air cargo, as well as charter operations for airlift services to commercial customers and the United States military. Atlas has operational bases in California, New York, Alaska, and Florida. Pursuant to a collective bargaining agreement (CBA), Atlas has discretion to assign its approximately 800 crewmembers to the various bases. Once assigned, a crewmember's base location can be changed for a variety of reasons, including shifts in manpower, furloughs, or reductions in the number of crewmembers that are employed by Atlas.

Jordan has been assigned to the Anchorage, Alaska base since 2001. In accordance with the terms of the CBA, Atlas provides Jordan with transportation from his residence in Bemidji, Minnesota to Anchorage, Alaska at the beginning of each work assignment and back to his residence in Bemidji at the end of his work assignment. In addition, Atlas provides Jordan with lodging and a per diem for meals and incidental expenses while he is in Alaska. The parties refer to these expenses as "Gateway expenses."

In June 2003, Atlas began withholding income and FICA taxes on the value of the Gateway expenses it paid on behalf of its crewmembers. Jordan does not believe that the money Atlas pays on his behalf for the Gateway expenses should be taxed. As a result, on or about February 15, 2004, Jordan filed Form 843 claiming a refund of $110.42 for FICA taxes Atlas withheld from his paycheck on the value of the Gateway expenses paid during the second quarter of 2003. The United States failed to respond to his refund claim. Jordan then brought this action seeking an order requiring the United States to refund the amounts Atlas withheld and paid to the IRS for FICA taxes on his behalf.

## II.    DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that

there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The Internal Revenue Code (IRC) imposes an obligation on each individual to pay FICA taxes equal to certain percentages of his or her wages. 26 U.S.C. § 3101 (2000). The IRC further imposes an obligation on each employer to deduct and withhold from its employees' wages FICA taxes each employee is likely to owe. *Id.* § 3102(a). Because these obligations extend only to an employee's wages, the definition of "wages" is critical. *See HB & R, Inc. v. United States*, 229 F.3d 688, 690 (8th Cir. 2000); *see also* 26 U.S.C. §§ 3101, 3102(a).

The IRC defines "wages" broadly as "all remuneration for employment, including the cash value of all remuneration (including benefits) paid in any medium other than cash . . . " 26 U.S.C. § 3121(a) (2000). The term does not include, however, "any benefit provided to or on behalf of an employee if at the time such benefit is provided it is reasonable to believe that the employee will be able to exclude such benefit from income under section . . . 132." *Id.* § 3121(a)(20). Section 132(a)(3) of the IRC—the only exclusion relevant in this case—excludes "working condition fringe" benefits from an individual's income. "'[W]orking condition fringe' means any property or services provided to an employee of the employer to the extent that, if the employee paid for such property or services, such payment would be allowable as a deduction under section 162 or 167." *Id.* § 132(d). Section 162(a)(2)—again, the only section relevant in this case—in turn allows a deduction for "traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business." *Id.* § 162(a)(2).

In sum, the question of whether an employee is required to pay, and an employer is required to withhold, FICA taxes on travel costs "turns on whether [the] employee could have deducted these costs as business expenses."[1]  *See Townsend Indus., Inc. v. United States*, 342

---

[1]   Relying on *HB & R, Inc. v. United States*, 229 F.3d 688 (8th Cir. 2000), Jordan argues that the proper inquiry in this case is whether the travel expenses are ordinary and necessary to Atlas's business, not whether the expenses are deductible from the income tax perspective of Jordan.  In *HB & R*, the employer provided something called "hot oil" and other services on wells and pipelines in the remote, uninhabited North Slope of Alaska.  229 F.3d at 689.  The employer sought a declaration that it was not liable for failing to withhold FICA and income taxes on costs it incurred providing transportation for its workers to and from its workers' "inhospitable" job site.  *Id.*  The Eighth Circuit Court of Appeals, agreeing with the employer that it was not required to withhold FICA and income taxes, was primarily concerned about whether the employer had fair notice of its withholding obligation.  *See id.* at 691-92.  The court concluded that the employer did not have such notice in light of the fact that the relevant regulations—26 C.F.R. §§ 31.3401(a)-1(b) (income tax withholding), 31.3121(a)-1(h) (FICA tax withholding)—instructed the employer to examine whether the expenses at issue were incurred in the business of the employer, apparently without regard to whether the employee could deduct the expenses, and the Commissioner of Internal Revenue had never before sought to impose withholding liability in similar situations, nor had any case ever upheld the assertion of such liability.  *Id.*  The Court further determined that "viewed from the perspective of HB & R at the time the withholding decision was made, the employee airfare expenses were incurred regularly and necessarily in the business of providing hot oil services to North Slope oil producers."  *Id.* at 691.
       The Court is not persuaded *HB & R* governs this case.  In this case, unlike in *HB & R*, Atlas has already withheld both FICA and income taxes and does not object to imposition of withholding liability.  On the contrary, Atlas has taken the affirmative position in other litigation that the sums are, in fact, subject to withholding.  Moreover, this case is not the first like it where the Commissioner has sought to impose withholding liability.  Thus, the fairness considerations motivating the *HB & R* decision are not present in this case.
       Nevertheless, the Court notes that the result in this case would be the same if it followed the *HB & R* approach.  Under *HB & R*, the Court asks only whether Jordan's travel expenses are ordinary and necessary to Atlas's business.  *Id.*  In that regard, Jordan has offered the affidavits of three crewmembers which state, in relevant part, that "Atlas would find it difficult, if not impossible to fully staff its operations" if Atlas were to decline to pay the Gateway expenses.  These statements are, however, conclusory and lack foundation.  As a result, they are not sufficient to defeat summary judgment.  *See, e.g.*, *Helfter v. United Parcel Serv., Inc.*, 115 F.3d 613, 616 (8th Cir. 1997) (holding conclusory statements, "standing alone, are insufficient to withstand a properly-supported motion for summary judgment").  Jordan has not offered any other evidence in support of his claim that payment of the Gateway expenses is ordinary and necessary to Atlas's business.  Although both this case and *HB & R* concern expenses incurred by employees traveling to and from Alaska for work, that is where the similarity between the

4

F.3d 890, 891 (8th Cir. 2003). The United States asserts Jordan has failed to satisfy this test as a matter of law for two reasons. First, it argues that Jordan's "home" within the meaning of section 162 is Anchorage, Alaska, not Bemidji, Minnesota, and Jordan therefore did not incur the Gateway expenses "while away from home." Second, the United States maintains that there is no genuine issue of material fact that the Gateway expenses were incurred for Jordan's personal convenience, not in pursuit of a trade or business. The Court agrees in both respects.

"For purposes of section 162(a), the taxpayer's 'home' is his principal place of business, and the taxpayer is 'away from home' when required to travel to a vicinity other than his principal place of business for temporary work." *Walraven v. Comm'r of Internal Revenue*, 815 F.2d 1246, 1247 (8th Cir. 1987). This rule has been interpreted to mean that a taxpayer is also "away from home" "when it appears probable that a taxpayer's place of employment will be temporarily apart from" his regular abode. *Id.*; *see also Cockrell v. Comm'r of Internal Revenue*, 321 F.2d 504, 507 (8th Cir. 1963). In this case, there is no genuine issue of material fact that Jordan's current principal place of business is in Anchorage, Alaska, and Jordan does not seek a refund of taxes paid on expenses incurred traveling to vicinities other than Anchorage for temporary work. Moreover, Jordan's assignment is not properly deemed "temporarily apart from" his regular abode. A taxpayer "shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year." 26 U.S.C. § 162(a). Jordan has been assigned to the Anchorage base since 2001, well over one year. Thus, Jordan's Gateway expenses are not deductible under section 162(a)(2) because they were not incurred while he was "away from home."

---

cases ends. In this case, Jordan's base is in Anchorage, Alaska, a populated, inhabitable area, not the uninhabited, "inhospitable" worksite discussed in *HB & R.*

Jordan has also failed to demonstrate that the Gateway expenses are deductible under section 162(a)(2) as ordinary and necessary in the pursuit of a trade or business. *Cf. Comm'r of Internal Revenue v. Flowers*, 326 U.S. 465 (1946) (holding employee's expenses in commuting from home to work were personal, not deductible business expenses). For travel expenses to qualify as being "in pursuit of business," "[t]he exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating factors" for the travel. *See id.* at 474. In this case, the Gateway expenses at issue were incurred solely as a result of Jordan's desire to maintain a home in Bemidji. Atlas did not require him to travel on business from Anchorage to Bemidji or to maintain living quarters in both cities, nor did it compel him to perform tasks for it in Bemidji. Unlike the employer in *HB & R*, Atlas gained nothing from this arrangement except the crewmembers' personal satisfaction.[2] Thus, the exigencies of business were not the motivating factors for Jordan's travel to and from Anchorage, Alaska, and the costs incurred are not deductible under section 162(a)(2).

Because the expenses are not deductible under section 162(a)(2) and Jordan has not identified any other relevant deduction or exclusion from the definition of "wages" for the Gateway expenses paid by Atlas, the United States is entitled to summary judgment. Jordan is not entitled to a refund of the FICA taxes in dispute in this case.

---

[2] As discussed above, Jordan's crewmember affidavits are insufficient to defeat summary judgment.

### III.  CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The United States' Motion for Summary Judgment [Docket No. 14] is GRANTED.

2. The case is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 23, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
